(No. 15278.—Decree affirmed.)

KATHERINE KUMMER *et al.* Plaintiffs in Error, *vs.* CHRISTINA BOENING, Defendant in Error.

*Opinion filed June 20, 1923—Rehearing denied October 4, 1923.*

1. EQUITY—*when equity may allow defendant right to redeem in proceeding to correct error in decree of sale.* Complainants who have obtained a decree for the sale of certain property, which one of them purchases at the sale, and who come into a court of equity to correct a mistake of their own making whereby the wrong lot was sold, must do equity; and the court may allow the defendant the right to redeem by paying the value of the complainants' interest, thereby protecting the rights of both parties.

2. SAME—*when allowing cross-bill to be filed is not error.* Allowing a cross-bill to be filed after the evidence has been taken before the master in chancery and his report has been made is not error, even though its filing may have been unnecessary in order to give the cross-complainant the right to the relief asked for, where the cross-bill did not change the issues, no new facts were alleged and no new evidence heard.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

HENRY & ROBINSON, (MAX ROBINSON, of counsel,) for plaintiffs in error.

J. KENT GREENE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On May 27, 1919, a decree was rendered by the circuit court of Cook county in the case of Katherine Kummer, executrix of the last will and testament of Katherine Kleinhans, deceased, *et al. vs.* Christina Boening *et al.*, finding that on November 19, 1898, Michael Kleinhans held the title to two parcels of land in Cook county at Nos. 1935 and 1937 North Cleveland avenue, in the city of Chicago, upon one of which was a two-story brick building, and that upon the other parcel, as their homestead, he resided with

his wife and family; that the two-story brick building was on the lot known as No. 1935 North Cleveland avenue, which was lot 91 in block 40 in a subdivision of a larger tract of land; that the lot occupied as a homestead was No. 1937 North Cleveland avenue, being lot 90 in block 40 of the same subdivision.  The decree further found that on the day mentioned Kleinhans conveyed both lots to his daughter Christina Boening by a warranty deed; that Katherine Kleinhans, the wife of Michael, did not join in the execution or acknowledgment of the deed, and that lot 90, being No. 1937 North Cleveland avenue, the homestead, of the value of $1000, did not pass by the deed to the grantee; that Kleinhans died on November 2, 1911, and the homestead estate descended to his heirs, who were his two daughters, Katherine Kummer and Christina Boening, and to his widow, Katherine Kleinhans, who had a life estate therein and who died on August 28, 1915, and that the homestead estate vested in the two daughters, one-half in each; that Mrs. Kleinhans had employed $2000 of her separate property in the erection of the two-story brick building upon lot 91; that the money was not a loan to her husband and that she was seized at the time of her death of an interest in lot 91 of the value of $2000, which was superior to the title of her deceased husband, Michael, and of his grantee, Mrs. Boening; that Mrs. Kleinhans had been in possession of the premises and collected the rents and was not entitled to receive any interest on the $2000, and that she left a will, which was admitted to probate, of which Mrs. Kummer was appointed and qualified as executrix, and that Mrs. Kummer and Alois Menacher, the half-brother of Mrs. Kummer and Mrs. Boening, had an interest in lot 91 of the value of $2000.  It was therefore decreed that if the defendants should pay to the complainants, Mrs. Kummer and Menacher, the sum of $2000, with interest from the date of the decree until paid, and the costs, the premises mentioned in the bill, to-wit, lot 91 in

block 40 in Canal Trustees' subdivision of the north half
of the southeast quarter and the east half of the southwest
quarter of section 33, township 40, range 14, east of the
third principal meridian, Chicago, Cook county, Illinois,
should be conveyed to the defendant or defendants making
such payments, and in case of failure to make such pay-
ments aforesaid, then lot 91 should be sold at public sale
for cash to the highest bidder by a master in chancery, after
giving public notice by advertisement for three weeks in a
newspaper of general circulation in the city, and the mas-
ter should give to the purchaser a deed of conveyance of
the property and there should be no redemption from the
sale.    At a sale by the master in chancery under the decree
on July 30, 1919, Henry M. Kummer, the husband of Kath-
erine, became the purchaser of lot 91 for $2254.18, and
the master in chancery executed to him a deed for the lot,
which was duly recorded.    Afterward, on August 9, 1919,
Kummer and his wife conveyed the lot by quit-claim deed
to Menacher, who on August 19, 1919, conveyed a half in-
terest in the lot to Henry M. and Katherine Kummer, and
these deeds were recorded.

On June 8, 1920, Katherine and Henry M. Kummer and
Alois Menacher filed a bill in the circuit court averring that
there was an error in the decree; that while the two-story
brick building at No. 1935 North Cleveland avenue, as
stated in the decree, was on lot 90 in block 40 instead of
lot 91, and the homestead of Mr. and Mrs. Kleinhans was
at No. 1937 North Cleveland avenue, on lot 91 instead of
lot 90, the master's deed to Kummer through error and
mistake described the property as lot 91 in block 40 instead
of lot 90 in block 40; that the complainants were igno-
rant of the mistake in the description of the premises; that
Kummer and his wife had been in possession of the prem-
ises known as No. 1935 North Cleveland avenue and cor-
rectly described as lot 90 in block 40; that the defendant,
Mrs. Boening, failed to pay the sum of $2000, as required

by the decree; that among other things it was decreed that
the homestead estate of the value of $1000 did not pass by
the warranty deed and is now vested in the two daughters,
Mrs. Kummer and Mrs. Boening, one-half in each; that
the complainants are ready and willing, in case the court
shall so direct, to convey to Mrs. Boening the homestead
interest in the premises known as No. 1937 North Cleve-
land avenue, described as lot 91 in block 40, but that she
refuses to correct the error and mistake as to lot 91 and
refuses to convey to the complainants said described prem-
ises, which were improperly described in the decree and
deeds. The prayer of the bill was for a correction of the
mistake and a reformation of the deeds so as to correctly
describe the premises intended to be conveyed by the de-
cree. The defendant answered the bill, and the court,
upon a hearing, entered a decree granting the relief prayed
for, finding the value of lot 91 (the homestead) to be be-
tween $1000 and $1500 and the value of the lot on which
was the two-story brick building to be $3300; that the
amount bid at the sale was an inadequate consideration for
lot 90 but was an excessive consideration for lot 91. The
decree provided that Mrs. Boening might redeem from the
sale within 120 days from the date of the decree by paying
to the complainants the sum of $2527.69, with five per cent
interest thereon from that date, the amount being made up
of the amount of the decree of May 27, 1919, one-half of
the master's fees in the cause in which that decree was ren-
dered and one-half of the master's fees in the circuit court.
It was provided that if the complainants refused to receive
the money it should be brought into court and the title to
lot 90 should then be fully vested in Mrs. Boening free and
clear of all claims of any parties to the suit, and she should
be let into exclusive possession of the lot and have leave to
apply for a writ of assistance to enable her to obtain such
possession, and in case of such redemption the court re-
tained jurisdiction to adjudicate an accounting of the rents

received by Henry M. and Katherine Kummer of lots 90 and 91 over and above the expenses, and in case the redemption should not be made, then Mrs. Boening was forever barred from all claim of interest in lot 90, the title should become vested in Henry M. and Katherine Kummer and they should recover from Mrs. Boening the costs of suit. The complainants have sued out this writ of error to set aside the decree.

No cross-errors have been assigned, and so far as the decree of the court correcting the errors of description in the original proceeding in the county court was concerned no question is made.

The plaintiffs in error's assignments of error relate to the alternative relief given to the defendant in error by permitting a redemption of the premises. The first question is in regard to the action of the court in permitting the filing of a cross-bill after the cause had been referred to a master, the evidence had been taken and a report made to the court. There was no impropriety in permitting the filing of the cross-bill. It was perhaps unnecessary to the protection of the rights of the defendant. The complainants having come into a court of equity to ask relief against the mistake of their own making were clearly required to do. equity themselves as a condition of granting the relief which they asked. The cross-bill merely asked that if the relief prayed should be granted the defendant should be permitted to redeem from the prior decree, and the defendant offered no evidence under the cross-bill. It was intended only to apply to the evidence already taken before the master. The complainants did not introduce any further evidence. No new facts were alleged in the cross-bill and it did not change the issues in any particular. The decree authorized the sale of lot 91. There was no ambiguity about it. In the findings it was stated that lot 91 was No. 1935 North Cleveland avenue. These two descriptions

were inconsistent.  No. 1935 North Cleveland avenue was
lot 90, but in the ordering part of the decree it was lot 91
which was ordered to be sold, without mention of the house
number.  A person reading an advertisement of the sale and
the decree would know that lot 91 was the property to be
sold.  He might be misled by the mention of the house num-
ber, as the purchaser was misled into supposing he was bid-
ding on No. 1935, lot 90.  Another purchaser would sup-
pose he was bidding on lot 91.  The actual fact is that
Henry M. Kummer, the purchaser, bought lot 90 but the
master in chancery sold lot 91.  Other bidders, if there were
other bidders at the sale, would no doubt have bid on lot 91
while the actual purchaser was bidding on lot 90.  If any-
one had desired to purchase lot 90 and had seen the adver-
tisement and examined the decree he would not have bid.
To correct this mistake and give the plaintiffs in error a
deed for lot 90 without requiring any adjustment of equi-
ties between the parties would simply transfer the wrong
arising out of the mistake from the plaintiffs in error to
the defendant in error, and, of course, a court of equity will
do no such thing.  The decree of the court was right in
imposing as a condition to the correction of the error the
requirement that the defendant in error be permitted to re-
deem in accordance with the original decree.  The purchaser
will receive back the money he has paid, with interest.  The
defendant in error will have paid the value of the complain-
ants' interest in the property and the estate of Mrs. Klein-
hans will have received the amount fixed as the value of
her interest.

The decree of the circuit court will be affirmed.

*Decree affirmed.*