# Hubert D. Crocker, Appellee, v. Christina Boening, Appellant.

## Gen. No. 32,076.

1. LIMITATIONS OF ACTIONS—*running account between attorney and client.* Items in an attorney's account with his client which ran back for 11 years are not barred by the 5-year statute of limitations, where the account was a running account and payment did not accrue until completion of the service and the attorney's demand for money.

2. ATTORNEYS AND COUNSELORS—*amount of fee in absence of agreement.* An attorney is entitled to receive a reasonable fee for his services in the absence of an agreement as to the fee to be paid.

3. ATTORNEYS AND COUNSELORS—*sufficiency of evidence of negligence in conducting litigation.* In an action by an attorney against a client for services rendered, the evidence did not show that the attorney negligently conducted the litigation.

4. ATTORNEYS AND COUNSELORS—*sufficiency of evidence of violation of ethics in action for services.* In an action by an attorney against a client for services rendered, the evidence was insufficient to show that the attorney violated the ethics of his profession in rendering the services.

5. ATTORNEYS AND COUNSELORS—*$500 for services as not excessive.* A verdict of $500 was sustained in an action by an attorney against a client for services rendered over a period of many years, the majority of the services being in relation to the trial of a suit which was ultimately decided in the client's favor by the Supreme Court.

Appeal by defendant from the Superior Court of Cook county; the Hon. MICHAEL L. McKINLEY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Affirmed. Opinion filed February 9, 1928. Rehearing denied February 21, 1928.

J. KENT GREENE, for appellant.

GEORGE McMAHON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The parties to this suit bore the relationship to each other of attorney and client, and the dispute relates

to fees for professional services rendered by plaintiff to defendant as such attorney, covering a period of several years. To a suitable declaration in assumpsit defendant interposed two pleas—first, the general issue, and second, the 5-year statute of limitations. There was a trial before the court and jury, and a verdict finding the issues for plaintiff, assessing his damages at the sum of $500, upon which, after overruling motions for a new trial and in arrest of judgment, the court entered a judgment, and defendant brings the record here for our review.

Defendant urges for reversal that part of the amount included in the verdict is barred by the 5-year statute of limitations; that his fee was contingent, and that the contingency never happened; that improper evidence as to the value of plaintiff's services was admitted over defendant's objection, and that plaintiff so negligently conducted defendant's litigation that he is not entitled to recover.

There were items in plaintiff's account which ran back in some instances for more than 11 years, and that such items, it is argued, were barred by the statute of limitations. We think this objection is not well taken. The evidence establishes the fact that the account between the parties was a running account and payment did not accrue until completion of the service and plaintiff's demand for payment. The majority of the services in suit related to the trial of the suit which was ultimately decided by the Supreme Court in *Kummer v. Boening*, 309 Ill. 236. In this suit defendant, through the professional skill and learning of plaintiff, was successful. While there was an error in a former suit, it was chargeable not to plaintiff, but to his opponent. We hold that the jury might well find from the proofs that there was no agreement between the parties as to fees to be paid plaintiff, but that under his employment he was entitled to receive from defendant what his services were reasonably

worth; that they were likewise justified in finding from the evidence that a reasonable fee was the amount of their verdict, and that there was no agreement between the parties for a contingent fee. Plaintiff at times asked defendant for payment on account of services rendered. Her response in effect was that she would pay eventually, but at the particular time was unable to do so.

This case on neither fact nor principle of law is comparable to *Ennis v. Pullman Palace-Car Co.,* 165 Ill. 161. Ennis received a monthly stipend and receipted for it in full for nearly every month of his service. Here plaintiff allowed the account to remain open until his service was completed. Then for the first time the limitation statute commenced to run, and its running was arrested when the instant suit was started.

There is no error in the rulings of the court on the evidence. Defendant cites *People ex rel. Healy v. Barrios,* 237 Ill. 527, and quotes therefrom the following from *People v. Beattie,* 137 Ill. 553:

" 'The lawyer's duty is of a double character. He owes to his client the duty of fidelity, but he also owes the duty of good faith and honorable dealing to the judicial tribunals before whom he practices his profession. He is an officer of the court—a minister in the temple of justice. His high vocation is to correctly inform the court upon the law and the facts of the case and to aid it in doing justice and arriving at correct conclusions. He violates his oath of office when he resorts to deception or permits his clients to do so.' "

Counsel contend that plaintiff violated the ethics announced *supra,* in his service to defendant. With this contention we are unable to accord our assent. On the contrary, the record demonstrates that his professional conduct fulfilled the standard laid down in the foregoing quotation. Counsel's criticism finds no support

in the record. On the contrary he was faithful in his duty to a somewhat unappreciative client.

There is no error of law in the record. No question is raised upon the instructions of the court to the jury. The case was fairly presented to the jury. The verdict must be sustained unless we are able to say that it is contrary to the manifest weight of the evidence, which we cannot do. The fee awarded by the jury for the services rendered is extremely moderate. We are not at all favorably impressed with the attack of counsel on the ethical conduct of plaintiff. Such attack is unwarranted and finds no support from a sane reading of the record.

For the reason that the judgment of the superior court is without error, it is affirmed.

*Affirmed.*

TAYLOR, P. J., and WILSON, J., concur.